NEWTON et al. v. EAGLE & PHOENIX MANUF'G CO.

(Circuit Court, N. D. Georgia. September 22, 1896.)

CORPORATIONS—RECEIVERS' CERTIFICATES—PRIORITY OF LIENS.
    In the case of an insolvent private corporation the court will not order
    receivers' certificates to be issued for the purpose of raising money to pay
    interest on the bonds of the company, thus displacing existing liens.
    Farmers' Loan & Trust Co. v. Grape Creek Coal Co., 50 Fed. 481, fol-
    lowed.

Ellis & Gray, for plaintiffs.
Abbot & Cox and Tompkins & Alston, for defendants.
Glenn, Slaton & Phillips, for receivers.

NEWMAN, District Judge. This is an application by the defendant, the Eagle & Phoenix Manufacturing Company, asking the court to require the receivers to pay the July interest on the bonds of the company. By the terms of the mortgage or trust deed, 90 days is allowed from the maturity of the interest before default will

occur for its nonpayment. If not paid within this time, the right of the trustee to proceed to enforce the trust deed exists. It is perfectly clear, from the general report of the receivers as to the condition of the company's affairs, filed some weeks ago, as well as in their answer to the rule to show cause in this matter, that, if the money can be raised by them at all for this purpose, it must be on receivers' certificates having a lien on all the property of the defendant company, and being prior in right to everything as to which the court would have the power to make them preferential. There are no funds in the hands of the receivers which can be used for this purpose, so far as has been shown. The company owes, according to the statement of its liabilities made to the court by the receivers, in addition to its bonded debt: Bills payable, $477,235.52; savings department, due depositors, $119,105.34; due on open accounts, secured and unsecured, $100,396.14; aggregating $696,737. The amount due depositors in the savings department is claimed to have priority over the mortgage bonds, and a large ·portion of the amount due by bills payable and open accounts is also claimed to be preferential, and to be entitled to payment before the bonds. How far the contention as to priority on the part of these creditors is correct, cannot now be determined, but claim of priority is in the record. Now, the court is requested, for the purpose of paying the interest on these bonds, to issue receivers' certificates, which, if they can be used to raise the money at all, must be superior to the rights of any of the creditors by deposit certificates, bills payable on open accounts, as above referred to. For the court, by an order of this sort, to displace existing liens, would certainly be very doubtful as to its propriety, if, indeed, it would not be an entirely illegal act. The issuance of certificates in railroad receiverships is very largely on the ground of the public use of railroad corporations, —that of highways for travel; and the court will raise funds and allow the receiver to give his obligation for their payment in preference to other debts, to carry into effect the public use for which the corporation was established. This reason would not apply in the case of a purely private corporation, such as the manufacturing company whose interests are now under consideration. This question is discussed by Judge Gresham in the case of Farmers' Loan & Trust Co. v. Grape Creek Coal Co., 50 Fed. 481, and a brief quotation from the conclusion of the opinion will show the tenor of the decision. It is this:

"Instead of displacing mortgages and other liens on the property of private corporations and natural persons, it is the duty of the courts to uphold and enforce them against all subsequent incumbrances. It would be dangerous to extend the power which has recently been exercised over railroad mortgages (sometimes with unw:  anted freedom), on account of their peculiar nature, to all mortgages."

In this case, if the court acts as requested, it would create a lien prior in right to that of the savings bank depositors, and the creditors by bills payable and open accounts, for the purpose of paying the money raised on the certificates to bondholders, who, by the contention of the other creditors, have a lien inferior to their equitable pref-

erence. No opinion is expressed, and, indeed, no opinion is entertained, as to what the present priorities are; but claims of priorities over the bonds are already made in intervening petition by many of the creditors, and the matter is undetermined.

Other objections have been suggested in argument to granting this petition, but, in the view I take of the matter, as already expressed, it is unnecessary to consider them. It may be remarked, however, that from what has been stated it would probably be very difficult to raise money at present on receivers' certificates upon this property, or upon any other property in the hands of the court, even if ample authority should be granted the receivers for that purpose. I am exceedingly anxious, as has been stated several times from the bench, to do everything that can legitimately and rightfully be done to protect the stockholders and all parties interested in this property. This petition would be granted, therefore, if I could legally and properly do so. But, upon full consideration and reflection, I am thoroughly satisfied that the order requested should not be passed.

The question suggested in the argument as to whether, in case of the trustee proceeding in court to enforce the trust deed for default in payment of interest, the default can be cured, and the maturity of the principal avoided at any time before sale by the payment of interest, is not now decided. It will be a matter for consideration and determination if, and when, the case reaches that stage rendering such a decision necessary. The petition must be denied.